IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CALVIN L. WHITE,

     Plaintiff,

v.                             Civil Action No. 5:18CV151
                                        (STAMP)
HOMER LAUGHLIN CHINA CO.,

     Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS BUT
GRANTING ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

I.  Background

This civil action arises out of alleged events that took place while the pro se[1] plaintiff Calvin L. White was employed at Homer Laughlin China Co. ("Homer Laughlin").  ECF No. 1.

Defendant Homer Laughlin then filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement, asserting that plaintiff has failed to state a claim upon which relief can be granted.  ECF No. 10.  Defendant contends that the handwritten complaint does not plausibly allege any claims for relief against Homer Laughlin as plaintiff does not plead any facts from which the Court could infer that his employment termination was unlawful under federal law.  Further, defendant argues that plaintiff did not serve Homer Laughlin within 90 days

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

after filing the complaint and, thus, the complaint must be dismissed under Federal Rules of Civil Procedure 12(b)(5), 4(c)(1), and 4(m).[2] In the alternative, defendant asserts that if the Court is not inclined to dismiss the complaint outright, it should still require plaintiff to file a more definite statement and/or a complaint that complies with the requirements of Federal Rule of Civil Procedure 10, insofar as the complaint is so vague and ambiguous that Homer Laughlin cannot formulate a response and also fails to separate the allegations into numbered paragraphs as required by Federal Rule of Civil Procedure 10(b).

Plaintiff then filed a response in opposition to defendant's motion. ECF No. 11. In response, plaintiff states that he does not want his case to be dismissed because he was "discriminated by co-work[ers] and bosses" and "was not treated fairly." ECF No. 11 at 1. Plaintiff asserts he has "a witness who is willing to come to court and tell the trut[h] about everything." Id.

## II. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

---

[2]As to defendant's argument regarding untimely service of process, this Court has reviewed the docket and finds that there is good cause to excuse the plaintiff's failure to serve the defendant within 90 days of filing the complaint, in that the clerk's issuance of the summons was inadvertently delayed.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement, also must be filed before the defendant files a responsive pleading. Through such a motion, a party may request that the Court direct the plaintiff to re-file his complaint, more clearly pleading and defining his claims. Pursuant to Federal Rule of Civil Procedure 12(e), such a motion should only be granted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion has a higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards above described may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion. See 5B Wright & Miller Federal Practice and Procedure § 1356. However, the standard set forth by the wording of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts

4

upon which his claims rely.  <u>Hodgson v. Virginia Baptist Hosp.</u>, 482 F.2d 821, 823 (4th Cir. 1973).  In fact, the drafters of the rules only intended to ensure that sufficient facts would be pled which allowed the defendant to reasonably form a response.  <u>Id.</u>  Thus, the rules specifically restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response.

## III.  <u>Discussion</u>

Pursuant to Federal Rule of Civil Procedure Rule 8, a complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction[;]" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).

Here, the <u>pro se</u> plaintiff's complaint consists of five (5) hand-written pages.  The complaint is not separated into paragraphs and is written in the form of a narrative which centers on an alleged altercation between plaintiff and a co-worker which purportedly took place in March 2017.  Construing the handwritten complaint liberally, the plaintiff appears to allege that on March 23, 2017, after various incidents with co-workers including not being permitted to take a restroom break, being spit on, and being pushed in the back, he was terminated from his employment.  ECF

No. 1. According to the plaintiff's complaint, plaintiff was "fired" on March 28, 2019. ECF No. 1 at 6.

Under Rule 12(e), the plaintiff is required to more clearly plead and define his claims against Homer Laughlin so that the defendant may adequately prepare a response. Further, under Federal Rule of Civil Procedure Rule 10(b), the plaintiff is also required to set forth his claims in numbered paragraphs and separate paragraphs to the extent practicable.[3]

At this time, upon review of the plaintiff's pro se complaint, the defendant's motion, and the plaintiff's response in opposition, this Court is inclined to deny the defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and instead, will grant the defendant's alternative motion for a more definite statement and require the pro se plaintiff to re-file his complaint with clarity both in its organization and in its allegations against the defendant.

## IV. Conclusion

For the reasons stated above, defendant's motion to dismiss or, alternatively, for a more definite statement (ECF No. 9) is DENIED in part as to the motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and

---

[3]This Court notes that while plaintiff's complaint is to be liberally construed, plaintiff has been previously advised by the Notice of General Guidelines for Appearing Pro Se in Federal Court (ECF No. 3), among other things, that his case remains subject to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of West Virginia. ECF No. 3 at 2.

GRANTED in part as to the defendant's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Accordingly, the <u>pro se</u> plaintiff is DIRECTED to re-file his complaint, more clearly pleading and defining his claims, within twenty one (21) days of notice of the entry of this order, on or before **July 12, 2019**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

DATED:    June 18, 2019


                                   <u>/s/ Frederick P. Stamp, Jr.    </u>
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE