IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CALVIN L. WHITE,

    Plaintiff,

v.                                                     Civil Action No. 5:18CV151
                                                                (STAMP)
HOMER LAUGHLIN CHINA CO.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

I. Background

This civil action arises out of alleged events that took place while the pro se[1] plaintiff, Calvin L. White, was employed at Homer Laughlin China Co. ("Homer Laughlin"). ECF No. 1.

This Court previously entered a memorandum opinion and order denying defendant's motion to dismiss but granting the alternative motion for a more definite statement. ECF No. 12. After construing the pro se complaint in a liberal fashion, this Court specifically noted that the plaintiff was previously advised by the Notice of General Guidelines for Appearing Pro Se in Federal Court (ECF No. 3), among other things, that his case remains subject to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of West Virginia. ECF No. 12 at 6 n.3. This Court then specifically stated that under Federal Rule of Civil Procedure Rule 12(e), the plaintiff is required to more clearly

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

plead and define his claims against Homer Laughlin so that the defendant may adequately prepare a response, and that under Federal Rule of Civil Procedure Rule 10(b), the plaintiff is also required to set forth his claims in numbered paragraphs and separate paragraphs to the extent practicable. ECF No. 12 at 6.

Upon review of the plaintiff's <u>pro se</u> complaint, the defendant's motion to dismiss the original complaint, and the plaintiff's response in opposition, this Court declined to grant the defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and instead, granted the defendant's alternative motion for a more definite statement. <u>Id.</u> Accordingly, this Court directed the <u>pro se</u> plaintiff "to re-file his complaint with clarity both in its organization and in its allegations against the defendant." <u>Id.</u>

Thereafter, plaintiff filed his <u>pro se</u> amended complaint. ECF No. 13. Defendant Homer Laughlin then filed a motion to dismiss the plaintiff's amended complaint for failure to comply with this Court's memorandum opinion and order and pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement. ECF No. 15. This Court then entered a <u>Roseboro</u> Notice (ECF No. 17) and the plaintiff filed a response in opposition to the defendant's motion to dismiss (ECF No. 18).

In the motion to dismiss the plaintiff's amended complaint (ECF No. 15), defendant contends that despite receiving ample instruction from the Court about how to re-file his complaint with

clarity both in its organization and in its allegations against the defendant, the plaintiff has failed to do so. ECF No. 16 at 1. Rather, defendant notes that plaintiff merely filed another hand-written complaint that does not clearly define his claim, does not meet the pleading requirements of the Federal Rules of Civil Procedure, and does not plausibly allege any claims for relief against Homer Laughlin, noting that plaintiff does not plead any facts from which the Court could infer that his employment termination was unlawful under federal law. Id. at 1-2. Defendant contends that this Court should dismiss the plaintiff's amended complaint with prejudice for failure to follow this Court's previous order, or under Rule 12(b)(6). Id.

Plaintiff then filed a response in opposition to defendant's motion to dismiss the amended complaint. ECF No. 18. In response, plaintiff states that he does not want his case to be dismissed because he was "discriminated by co-work[ers] and bosses" and "was not treated fairly." ECF No. 18 at 1. Plaintiff asserts he has "a witness who is willing to come to court and tell the trut[h] about everything." Id. Plaintiff then again recounts portions of the narrative of the alleged underlying events and reiterates many of the arguments previously made in his original complaint. Id.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v.

Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial

4

plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

This Court has reviewed the plaintiff's pro se amended complaint in a liberal fashion, and in the light most favorable to the plaintiff, and finds that the amended complaint fails to place defendant on notice as to what claims plaintiff believes he is bringing and does not allege facts sufficient to state a claim to relief that is plausible on is face. This Court's previous memorandum opinion and order explicitly required the plaintiff to "re-file his complaint with clarity both in its organization and in its allegations against the defendant." ECF No. 12 at 6 (citing Fed. R. Civ. P. 10(b)). This Court also made clear that the plaintiff must "set forth his claims in numbered paragraphs and separate paragraphs to the extent practicable." Id.

Here, the plaintiff's amended complaint consists of fourteen (14) hand-written pages and is not separated into discernable paragraphs. Similar to the original complaint, the plaintiff's amended complaint is again written in the form of a narrative regarding alleged altercations between plaintiff and a co-workers which purportedly took place in March 2017. Construing the hand-

written amended complaint liberally, the plaintiff appears to allege that, after various incidents with co-workers including not being permitted to take a restroom break, being spit on, and being pushed in the back, he was terminated from his employment. ECF No. 13. Additionally, the plaintiff describes several disciplinary actions and other events that occurred while plaintiff was employed by the defendant that plaintiff believes are related to his termination. Id.

Upon review, this Court finds that the plaintiff's amended complaint does not comply with the standards set forth in the Federal Rules of Civil Procedure as articulated in this Court's previous order, does not meet the pleading requirements of Twombly, and is insufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Accordingly, the defendant's motion to dismiss the plaintiff's amended complaint (ECF No. 15) is granted, and the plaintiff's amended complaint is dismissed.

IV. Conclusion

For the reasons stated above, defendant's motion to dismiss the amended complaint (ECF No. 15) is GRANTED.

Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

The plaintiff may appeal the final judgment of this Court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 13, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE